IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| TONDRA PRIDDY, individually, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:18CV405 |
| | ) | |
| MOSES H. CONE MEMORIAL | ) | |
| HOSPITAL OPERATING | ) | |
| CORPORATION d/b/a CONE | ) | |
| HEALTH, a North Carolina Corporation; | ) | |
| MATRIX ABSENCE MANAGEMENT, | ) | |
| INC., a Delaware Corporation, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

LORETTA C. BIGGS, District Judge.

Plaintiff initiated this action on May 14, 2018, alleging violations of the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2617, and the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 621, *et seq.* (ECF No. 1.) Before the Court are the following: Motion to Dismiss the Amended Complaint of Defendant Matrix Absence Management, Inc. ("Matrix"), (ECF No. 10), and Plaintiff's Motion for Leave to File Second Amended Complaint ("Motion to Amend"), (ECF No. 16). For the reasons set forth below, Plaintiff's motion will be denied and Defendant Matrix's motion will be granted.

# I.     BACKGROUND

Plaintiff was a registered nurse employed by Defendant Cone Health.  (ECF No. 7 ¶ 11.)[1]  Matrix "was a third-party administrator for defendant Cone [Health]'s medical leave management."  (*Id.* ¶ 8.)  On or about October 18, 2016, Plaintiff alleges that she applied to Matrix for personal medical leave.  (*Id.* ¶ 12.)  Plaintiff alleges that Matrix sent Plaintiff a letter denying her request for medical leave on or about November 9, 2016.  (*Id.* ¶ 14.)  After receipt of the denial, Plaintiff alleges that she notified her doctor, and her doctor sent the completed medical certification to Matrix on November 21, 2016.  (*Id.* ¶ 15.)  Plaintiff "contends that she used her medical leave for herself on November 15, 2016 and December 16, 2016."  (*Id.* ¶ 16.)  Plaintiff alleges that she was later subject to discipline and terminated from her position at Cone Health, in part because of the denial of her medical leave.  (*Id.* ¶¶ 19, 21.)

Plaintiff's First Amended Complaint set forth three claims: "compensatory damages under the FMLA," against both defendants; "declaratory relief for compensatory damages under the FMLA," against both defendants; and age discrimination, against Cone Health.  (*Id.* ¶¶ 30–41 (emphasis omitted).)  Matrix filed its motion to dismiss, arguing that "Matrix is not Plaintiff's employer under the FMLA," and it cannot therefore be liable under the FMLA.  (ECF No. 10 ¶¶ 4–5.)  Plaintiff then filed her Motion to Amend, in which she proposes adding claims against Matrix for "tortious interference and vicarious liability under respondeat superior."  (ECF No. 16 ¶ 7.)

---

[1] Plaintiff's First Amended Complaint is the operative complaint in this matter.  (ECF No. 7.)

## II. STANDARD OF REVIEW

A motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure "challenges the legal sufficiency of a complaint," including whether it meets the pleading standard of Rule 8(a)(2). *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009). Rule 8(a)(2) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), thereby "giv[ing] the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted). To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). A complaint may fail to state a claim upon which relief can be granted in two ways: first, by failing to state a valid legal cause of action, *i.e.*, a cognizable claim, *see Holloway v. Pagan River Dockside Seafood, Inc.*, 669 F.3d 448, 452 (4th Cir. 2012); or second, by failing to allege sufficient facts to support a legal cause of action, *see Painter's Mill Grille, LLC v. Brown*, 716 F.3d 342, 350 (4th Cir. 2013).

## III. DISCUSSION

### A. Plaintiff's Motion to Amend[2]

The determination of whether to grant or deny a motion to amend a pleading lies within the sound discretion of the district court. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Deasy v.*

---

[2] Plaintiff's Motion to Amend violated Local Rule 15.1, which requires a party wishing to amend a pleading to "attach the proposed amended pleading to the motion." L.R. 15.1. Plaintiff did not attach a proposed Second Amended Complaint to her motion. (*See* ECF No. 16.) Although this Court has the discretion to deny Plaintiff's motion for such a violation, *see United States ex rel. Rostholder v. Omnicare, Inc.*, 745 F.3d 694, 703 (4th Cir. 2014), it will not do so. This Court will address Plaintiff's motion

*Hill*, 833 F.2d 38, 40 (4th Cir. 1987). Under Rule 15(a) of the Federal Rules of Civil Procedure, courts should freely grant leave to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a). "This liberal rule gives effect to the federal policy in favor of resolving cases on their merits instead of disposing of them on technicalities." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006). "[L]eave to amend a pleading should be denied only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 509 (4th Cir. 1986) (citing *Foman*, 371 U.S. at 182).

A plaintiff's request to amend a complaint is futile if the amended complaint could not satisfy the appropriate requirements of the Federal Rules of Civil Procedure, to include Rule 12(b)(6). *United States ex rel. Wilson v. Kellogg Brown & Root, Inc.*, 525 F.3d 370, 376 (4th Cir. 2008). The Fourth Circuit has cautioned that "[l]eave to amend, however, should only be denied on the ground of futility when the proposed amendment is clearly insufficient or frivolous on its face." *Johnson*, 785 F.2d at 510. The Court will therefore address Plaintiff's proposed claims for "tortious interference" and "vicarious liability under respondeat superior," (ECF No. 16 ¶ 7), under the same standard as a motion to dismiss.

### 1. Tortious Interference

Plaintiff argues that Matrix tortiously interfered with her employment. (ECF No. 15 at 7–9.) Under North Carolina law,[3] the elements of tortious interference with contract are:

---

using the description of her proposed additional claims in her Motion to Amend, (ECF No. 16), with the factual allegations set forth in her First Amended Complaint, (ECF No. 7).

[3] *See Francis v. Allstate Ins. Co.*, 709 F.3d 362, 369 (4th Cir. 2013) ("A federal court sitting in diversity is required to apply the substantive law of the forum state.").

> (1) a valid contract between the plaintiff and a third person which confers upon the plaintiff a contractual right against a third person; (2) the defendant knows of the contract; (3) the defendant intentionally induces the third person not to perform the contract; (4) and in doing so acts without justification; (5) resulting in actual damage to plaintiff.

*United Labs., Inc. v. Kuykendall*, 370 S.E.2d 375, 387 (N.C. 1988). In order to demonstrate the element of acting "without justification," a plaintiff's complaint must show "no motive for interference other than malice." *Filmar Racing, Inc. v. Stewart*, 541 S.E.2d 733, 738 (N.C. Ct. App. 2001). Indeed, "[a] defendant may encourage the termination of a contract 'if he does so for a reason reasonably related to a legitimate business interest.'" *Area Landscaping, L.L.C. v. Glaxo–Wellcome, Inc.,* 586 S.E.2d 507, 510 (N.C. Ct. App. 2003) (quoting *Robinson, Bradshaw & Hinson v. Smith,* 498 S.E.2d 841, 850 (N.C. Ct. App. 1998)). In other words, Plaintiff's complaint must plead factual content that would allow the Court to draw the reasonable inference that Matrix "acted with malice and for a reason not reasonably related to the protection of a legitimate business interest." *Cobra Capital, LLC v. RF Nitro Commc'ns, Inc.,* 266 F. Supp. 2d 432, 439 (M.D.N.C. 2003) (quoting *Smith v. Ford Motor Co.,* 221 S.E.2d 282, 296 (1976)).

The Supreme Court of North Carolina has held that, with respect to a claim for tortious interference, "[a] motion under Rule 12(b)(6) should be granted when the complaint reveals that the interference was justified or privileged." *Peoples Sec. Life Ins. Co. v. Hooks*, 367 S.E.2d 647, 650 (N.C. 1988). Other courts in this district have also dismissed claims of tortious interference with contract if the complaint does not sufficiently allege malice by the defendant. *E.g., Champion Pro Consulting Grp. v. Impact Sports Football, LLC,* 976 F. Supp. 2d 706, 716–19 (M.D.N.C. 2013); *Fen-Phen 2005-01 v. James S. Farrin, P.C.*, No. 1:09CV479, 2010 WL 1740521,

at *4 (M.D.N.C. April 28, 2010), *aff'd,* 436 F. App'x 150 (4th Cir. 2011).  Further, "[a] plaintiff may maintain a claim for tortious interference with contract even if the employment contract is terminable at will."  *Bloch v. Paul Revere Life Ins. Co.,* 547 S.E.2d 51, 59 (N.C. Ct. App. 2001).

Plaintiff alleges that Matrix violated FMLA regulations multiple times.  (ECF No. 7 ¶¶ 14–15.)  Plaintiff's allegations include:

> 14. Priddy contends that on or about November 9, 2016, defendant Matrix sent Priddy a letter denying her request for a medical leave.  Defendant Matrix provided this denial letter within thirteen (13) calendar days of submitting the certification request to Dr. Coe.  Under the FMLA § 825.305(b), an employee is permitted fifteen (15) calendar days after the employer's request to provide the requested certification.
>
> 15. After receipt of the denial, Priddy notified Dr. Coe's office and the completed certification was faxed to defendant Matrix on November 21, 2016.  Under the FMLA § 825.305(c), the employer shall advise the employee of an incomplete or insufficient certification and state in writing what additional information is needed.  Neither Priddy nor her physician's office was notified by defendant Matrix that the certification was incomplete and incorrect.

(*Id.*)  Even though Plaintiff does not state whether Matrix ultimately approved her medical leave, she claims that she "used her medical leave for herself on November 15, 2016, and December 16, 2016."  (*Id.* ¶ 16.)  Plaintiff does not allege any other wrongdoing by Matrix in the remainder of the Complaint.  (*See id.* ¶¶ 17–46.)

Plaintiff's allegations do not give rise to the reasonable inference that Matrix intended to interfere with Plaintiff's employment or that it did so maliciously.  First, Plaintiff has failed to allege sufficient facts to show that Matrix, by denying Plaintiff's medical leave, intended to interfere with her employment.  (*See id.* ¶¶ 14–16.)  Second, even assuming that she had so alleged, Plaintiff failed to sufficiently allege that Matrix acted maliciously.  Although Plaintiff

alleges that Matrix committed certain violations of FMLA regulations, such allegations do not plausibly translate to a malicious intention to interfere with Plaintiff's employment. "If . . . the defendant is acting for a legitimate business purpose, [its] actions are privileged," and it cannot be liable for tortious interference with contract. *Champion Pro Consulting Grp.*, 976 F. Supp. 2d at 718 (quoting *Peoples*, 367 S.E.2d at 651). Matrix's "legitimate business purpose" of denying Plaintiff's requested medical leave makes her claim of tortious interference with contract futile.[4] *See id.*

### 2. *Vicarious Liability*

Plaintiff also argues that "third-party administrators like Matrix can be held vicariously liable under respondeat superior because there is a nexus that gave Matrix third-party liability through a joint venture arrangement." (ECF No. 15 at 4 (emphasis omitted).) Matrix argues that Plaintiff cannot allege sufficient facts showing that it was either in a joint venture arrangement or an employer-employee relationship with Cone Health. (ECF No. 18 at 4–5, 7–8.)

To establish a joint venture relationship under North Carolina law, a plaintiff would have to show "(1) an agreement, express or implied, to carry out a single business venture with joint sharing of the profits, and (2) an equal right of control of the means employed to carry out the venture." *Se. Shelter Corp. v. BTU, Inc.*, 572 S.E.2d 200, 204 (N.C. Ct. App. 2002) (emphasis omitted). Plaintiff has alleged that Matrix was a "third-party administrator for defendant Cone [Health]'s medical leave management" and that Matrix "was acting on behalf

---

[4] To the extent that Plaintiff seeks to add a claim for tortious interference with prospective economic advantage, (ECF No. 15 at 9), such amendment is likewise denied for futility. *See Cobra Capital*, 266 F. Supp. 2d at 439.

of defendant Cone [Health] and was acting under that authority of defendant Cone [Health] to deny Priddy the requisite leave permitted under the FMLA." (ECF No. 7 ¶ 8.) Plaintiff does not allege that Matrix and Cone Health were sharing profits or had an "equal right of control," *Se. Shelter Corp.*, 572 S.E.2d at 204, of any part of Cone Health's business. (*See* ECF No. 7.) Therefore, Plaintiff has failed to allege sufficient facts to establish a joint venture relationship between Matrix and Cone Health, and a claim for any liability from such a relationship would be futile.

The doctrine of respondeat superior, also alleged by Plaintiff, (ECF No. 16 ¶ 7), is created through an employer-employee relationship. *See Cameron Hospitality, Inc. v. Cline Design Assocs., PA*, 735 S.E.2d 348, 351 (N.C. Ct. App. 2012) ("Further, we note that while the doctrine of *respondeat superior* is commonly applied to impute liability for torts committed by an employee to his employer, the general rule is that a company is not liable for the torts of an independent contractor committed in the performance of the contracted work." (internal quotation marks and citations omitted)). Plaintiff's allegations also did not show that Matrix and Cone Health had such a relationship towards each other; Plaintiff referred to Matrix as a "third-party administrator," not as an "employer" or "employee." (*See* ECF No. 7 ¶ 8.) Because respondeat superior also cannot confer liability onto Matrix, any amendment to include such a claim would be futile.

For the above stated reasons, Plaintiff's proposed amendments for "tortious interference and vicarious liability under respondeat superior," (ECF No. 16 ¶ 7), would be futile. Plaintiff's Motion to Amend will therefore be denied.[5]

## B. Motion to Dismiss

Plaintiff alleges two claims against Matrix: "Compensatory Damages Under the FMLA" and "Declaratory Relief for Compensatory Damages Under the FMLA." (ECF No. 7 ¶¶ 30–38.) These two claims appear to be identical, except that the first claim requests damages and the second claim requests a "declaration of the rights and obligations of the parties." (*Id.* ¶¶ 34–35, 38.) Matrix moves to dismiss both claims because "Matrix is not Plaintiff's employer under the FMLA," and it is therefore not liable under the FMLA. (ECF No. 10 ¶¶ 4–5.)

The FMLA provides that, "[i]t shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under [the FMLA]." 29 U.S.C. § 2615(a)(1). FMLA regulations have excluded third-party administrators such as Matrix from being considered an "employer" under the FMLA. *See* 29 C.F.R. § 825.106(b)(2); *Shoemaker v. ConAgra Foods, Inc.*, No. 2:14–CV–153, 2015 WL 418271, at *3–6 (E.D. Tenn. Feb. 2, 2015).

---

[5] Plaintiff's Motion to Amend also proposed additional claims against Cone Health as well. (ECF No. 16 ¶ 6.) This Court only addressed the futility of the proposed additional claims against Matrix and has not considered the viability of the proposed claims against Cone Health. Because Plaintiff's Motion to Amend will be dismissed without prejudice, Plaintiff will be in a position to re-file her proposed motion to amend against Cone Health if she chooses. Plaintiff's counsel is reminded to comply with Local Rule 15.1 and attach the proposed pleading with such motion. L.R. 15.1.

Moreover, Plaintiff, in her Memorandum Opposing Matrix's Motion to Dismiss, states that she "does not allege that Matrix was Plaintiff's employer." (ECF No. 15 at 4.) Therefore, because Plaintiff agrees that Matrix is not Plaintiff's employer, and further, because only employers may be liable under the sections of the FMLA which Plaintiff's claims encompass, Plaintiff has failed to state a claim of FMLA interference against Matrix. *See* 29 U.S.C. §§ 2615(a)(1), 2617(a). Accordingly, Matrix's motion to dismiss will be granted. (ECF No. 10.)

For the reasons stated herein, the Court enters the following:

## ORDER

IT IS THEREFORE ORDERED that Defendant Matrix's Motion to Dismiss, (ECF No. 10), is GRANTED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Leave to File Second Amended Complaint, (ECF No. 16), is DENIED WITHOUT PREJUDICE.

This, the 18th day of March 2019.

/s/ Loretta C. Biggs
United States District Judge